JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our File : 06-W-005-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

ASIA INSURANCE COMPANY, LTD. a/s/o Pacos Trading Ltd.,

                                           Plaintiff,

        - against -

M.V. BU YI HE, her engines, etc., SEA TRADE INTERNATIONAL and CHINA OCEAN SHIPPING COMPANY t/a "COSCO",

                                    Defendants.

----------------------------------------------------------------------x

**ECF CASE**

**06 Civ. 15188 ( LAP )**

**COMPLAINT**

Plaintiff, ASIA INSURANCE COMPANY, LTD., by its attorneys, Badiak & Will, LLP, alleges on information and belief as follows:

1.   All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

2.   At all times material hereto, plaintiff ASIA INSURANCE COMPANY, LTD., (hereinafter "Asia Insurance"), was and is a corporation organized and existing under and by virtue of the laws of a foreign state and provided all-risk ocean marine cargo insurance for the subject shipment hereinafter described, and maintained an office and place of business c/o W K Webster (Overseas) Ltd., 80 Maiden Lane, New York, New York, 10038.

3. Plaintiff, Asia Insurance, has paid the consignee and owner of the shipment mentioned hereinafter pursuant to the marine cargo insurance policies herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant SEA TRADE INTERNATIONAL, INC. (hereinafter "Sea Trade"), is a corporation or other business entity organized and existing under and by virtue of the law of a foreign state, with an office and place of business at 1460 US Highway 9 North, 205, Woodbridge, NJ 07095, and at all material times was and now is engaged in business as a common carrier of merchandise by water for hire and owned, chartered, managed and/or otherwise controlled the M.V. BU YI HE as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of Qingdao, P.R. China, and Los Angeles, California.

5. Defendant, COSCO CONTAINER LINES COMPANY LIMITED (hereinafter "COSCO"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business c/o COSCO North America, Inc., 100 Lighting Way, Secaucus, New Jersey 07094, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. BU YI HE as a general vessel engaged in the common carriage of merchandise by

water for hire between, among others, the ports of Qingdao, P.R. China, and Los Angeles, California.

## FIRST CAUSE OF ACTION

6.   On or about November 30, 2005, at Qingdao, P.R. China, the port of loading, there was shipped by Hiking Group Shandong Gaintex Co., Ltd., as shipper, and delivered to Sea Trade and the M.V. BU YI HE, as common carriers, a shipment consisting of 2,163 cartons of frozen Sea Bass, then being in good order and condition, and the defendants Sea Trade and the aforementioned vessel then and there accepted the said shipment so shipped and delivered to them, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Los Angeles, California, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Pacos Trading Ltd., the consignee, all in accordance with a bill of lading issued by Sea Trade and the aforementioned vessel numbered COSU39172150 and dated on or about November 30, 2005.

7.   Thereafter the said vessel arrived at the port of destination, where the defendants Sea Trade and the aforementioned vessel made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but, on the contrary, with serious damage and impaired in value, all in violation of the defendants Sea Trade and the vessel's obligations and duties as common carriers of merchandise by water for hire.

8.   By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $20,000.00.

## SECOND CAUSE OF ACTION

9. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1." through "8.", inclusive, as if set forth herein at length.

10. On or about November 30, 2005, at Qingdao, P.R. China, the port of loading, there was shipped by Sea Trade International, Ltd., as agent for the shipper, Hiking Group Shandong Gaintex Co., Ltd., and delivered to COSCO and the M.V. BU YI HE, as common carriers, a shipment consisting of 2,163 cartons of frozen Sea Bass, then being in good order and condition, and the defendants COSCO and the aforementioned vessel then and there accepted the said shipment so shipped and delivered to them, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Los Angeles, California, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Pacos Trading Ltd., the consignee, all in accordance with a bill of lading issued by COSCO and the aforementioned vessel dated on or about November 30, 2005.

11. Thereafter the said vessel arrived at the port of destination, where the defendants COSCO and the aforementioned vessel made delivery of the shipment, but not in like good order and condition as when shipped, delivered to and received by them, but, on the contrary, with serious damage and impaired in value, all in violation of the defendants COSCO and the vessel's obligations and duties as common carriers of merchandise by water for hire.

12. By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District then all their property within this District be attached in the sum of $20,000.00, with interest thereon and costs, the sum sued for in this complaint;

3. That process in due form of law according to the practice of this Court in cases of admiralty and maritime claims may issue against said vessel "BU YI HE", in rem, its engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements and that the said vessel may be condemned and sold to pay therefore;

4. That judgment may be entered in favor of plaintiff ASIA INSURANCE COMPANY, LTD., and against defendants, SEA TRADE INTERNATIONAL, INC., and CHINA OCEAN SHIPPING COMPANY, jointly and severally, for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

5. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      December 15, 2006

                                        BADIAK & WILL, LLP
                                        Attorneys for Plaintiff

By: _____
        JAMES  P.  KRAUZLIS  (JK  4972)