24-07/ROSS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for CHINA OCEAN SHIPPING
COMPANY t/a "COSCO"
80 Pine Street
New York, New York 10005
(212) 425-1900

James L. Ross (JR 6411)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                          ECF Case
-----------------------------------------------------------
ASIA INSURANCE COMPANY, LTD.,
a/s/o PACOS TRADING LTD.,                              06 CV 15188 (LAP)

                Plaintiff,

    - against -                                     **ANSWER TO COMPLAINT**

M/V BU YI HE, her engines, etc., SEA TRADE
INTERNATIONAL and CHINA OCEAN
SHIPPING COMPANY t/a "COSCO",

                Defendants
-----------------------------------------------------------

      Defendant, CHINA OCEAN SHIPPING COMPANY t/a "COSCO" (hereinafter referred to as "COSCO"), by its attorneys Freehill Hogan & Mahar, LLP, answering the Complaint herein, alleges upon information and belief as follows:

      1.    Admits that the Complaint alleges a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty of maritime jurisdiction of the United States and of this Honorable Court, but except as so admitted, denies the remaining allegations contained in Paragraph 1 of the Complaint.

      2.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 2 of the Complaint.

NYDOCS1/277452.1

3. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 4 of the Complaint.

5. Admits that COSCO is and was a corporation organized and existing under and by virtue of the laws of a foreign state, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 5 of the Complaint.

6. Admits that on or about November 30, 2005 at Qingdao, China the vessel BU YI HE received on board a container said to contain cargo in accordance with bill of lading COSU 39172150 dated on or about November 30, 2005, but except as so admitted, denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Admits that the vessel arrived at the port of destination where the container was delivered, but except as so admitted, denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Admits demand and non-payment, but except as so admitted, denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant COSCO repeats and realleges each and every admission and denial contained in Paragraphs 1 through 8 of this Answer, as if fully set forth herein at length, in response to Paragraph 9 of the Complaint.

10. Admits that on or about November 30, 2005 at Qingdao, China, the port of loading, the vessel BU YI HE received on board a container in accordance with the bill of lading dated November 30, 2005, but except as so admitted, denies knowledge or

information sufficient to form a belief with respect to the remaining allegations contained in Paragraph 10 of the Complaint.

11. Admits that the said vessel arrived at the port of destination where the container was delivered, but except as so admitted, denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Admits demand and non-payment, but except as so admitted, denies the remaining allegations contained in Paragraph 12 of the Complaint.

### FIRST DEFENSE

13. The Complaint should be dismissed based upon the forum selection clause contained in the COSCO bill of lading which requires all disputes to be determined by the laws of the Peoples Republic of China and any litigations to be brought before the Shanghai Maritime Court or other maritime Courts in the Peoples Republic of China.

### SECOND DEFENSE

14. The Complaint fails to state a claim against Defendant COSCO upon which relief may be granted.

### THIRD DEFENSE

15. Under the terms and conditions of certain contracts of carriage, which govern the rights and liabilities of the parties herein, the Defendant COSCO is not liable.

### FOURTH DEFENSE

16. Any liability of the Defendant COSCO, which is denied, is limited in an amount by the terms of the contracts of carriage and the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.*

## FIFTH DEFENSE

17. If any loss and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by the Defendant COSCO, and such damage was not sustained by the shipment while in the care, custody or control of the Defendant COSCO.

## SIXTH DEFENSE

18. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others over whom Defendant COSCO has no control and for whom it has no liability.

## SEVENTH DEFENSE

19. The shipment referred to in the Complaint was allegedly received, loaded and carried pursuant to the terms of certain bills of lading. Under the terms of said contracts, the Defendant COSCO is not liable or its liability is limited.

## EIGHTH DEFENSE

20. If any loss or damage to the goods occurred, as alleged in the Complaint, such loss or damage arose or resulted from excepted causes under COGSA or the act or neglect of third-parties over whom the Defendant COSCO has no control and for whom it has no liability.

## NINTH DEFENSE

21. Plaintiff is not the real party of interest.

## TENTH DEFENSE

22. Plaintiff has failed to mitigate its damages.

**WHEREFORE**, Defendant COSCO prays that it have judgment dismissing the Plaintiff's Complaint, together with costs, disbursements and reasonable attorney fees and that it have such other and different relief as the Court may deem just and proper under the premises.

Dated:   New York, New York
         February 5, 2007

                              FREEHILL, HOGAN & MAHAR LLP
                              Attorneys for Defendant CHINA OCEAN
                              SHIPPING COMPANY t/a "COSCO"

                              By: _____
                                  James L. Ross (JR6411)
                                  80 Pine Street
                                  New York, New York
                                  212-425-1900

TO:   BADIAK & WILL, LLP
      Attorneys for Plaintiff Asia Insurance Company, Ltd.
      a/so Pacos Trading Ltd.
      106 Third Avenue
      Mineola, New York 11501-4404
      Attention: James P. Krauzlis, Esq.
      (516) 877-2225